UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL B.[1], Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-01757-JPH-MKK |
| FRANK J. BISIGNANO Commissioner of Social Security Administration, Defendant. | ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Michael B. seeks judicial review of the Social Security Administration's final decision denying his application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff alleges that the Commissioner's final decision is not supported by substantial evidence. Dkt. 11 at 1. For the reasons below, the decision is **AFFIRMED**.

## I.
## Facts and Background

On February 20, 2021, Plaintiff was in a motor vehicle accident which resulted in bilateral calcaneus fractures. Dkt. 9-7 at 24. Ten days later, an x-ray of his lumbar spine showed "mild compression deformity of the superior endplate of the L4 vertebral body with approximately 5% loss of anterior

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

vertebral body height." *Id.* at 19. He received reconstructive surgery on his right ankle in March 2021. Dkt. 9-3 at 7.

On June 21, 2023, Plaintiff applied for disability insurance benefits and supplemental security income. Dkt. 9–2 at 18. He alleges disability beginning June 21, 2023. *Id.* Plaintiff's claims were denied initially in December 2023, and on reconsideration in March 2024. *Id.* The Administrative Law Judge ("ALJ") held an administrative hearing in February 2025. *Id.* In March 2025, the ALJ denied benefits. *Id.* at 15.

In her decision, the ALJ followed the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Plaintiff was not disabled as defined by the Social Security Act. Dkt. 9-2 at 18–30. Specifically, the ALJ found that:

- At Step One, Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Dkt. 9-2 at 20.
- At Step Two, he had "the following severe impairments: status post bilateral ankle injuries, depression, anxiety, and attention deficit hyperactivity disorder (ADHD). Dkt. 9-2 at 21.
- At Step Three, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Dkt. 9-2 at 21.
- After Step Three but before Step Four, he had the RFC "for sedentary work except he can stand/walk in combination up to four hours in a workday. He can manage simple, routine tasks, with the ability to sustain the attention, concentration, persistence, and peace needed to complete those tasks. He can occasionally interact with the general public, but not in a customer service or transactional capacity. He can have occasional interaction with supervisors and co-workers, but no collaborative work such as group projects requiring frequent

communication and cooperation with co-workers. He is able to manage routine changes in the work environment. Dkt. 9-2 at 27.

- At Step Four, Plaintiff "is unable to perform any past relevant work." Dkt. 9-2 at 28.
- At Step Five, considering Plaintiff's "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy" that he can perform. Dkt. 8-2 at 23.

## II.
## Applicable Law

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). After step three, but

before step four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The ALJ uses the RFC at step four to determine whether the claimant can perform her own past relevant work and, if not, at step five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(e), (g).

The Court will affirm the benefit denial if the ALJ committed no legal error and substantial evidence supports the ALJ's decision. *Stephens*, 888 F.3d at 327. "Substantial evidence is relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).

## III.
## Analysis

Plaintiff argues that the ALJ erred "by failing to provide a 'good explanation'" for rejecting the assessment of physician Dr. James Gatton, and by not giving his opinion more weight as an examining physician. Dkt. 11 at 6–7. The Commissioner responds that the ALJ "carefully evaluated Dr. Gatton's opinion, and her evaluation comports with the regulations." Dkt. 13 at 4.

Dr. Gatton examined Plaintiff in October 2023 as part of a disability determination. Dkt. 9-7 at 309. He found that Plaintiff had a reduced range of

motion in both ankles. *Id.* at 311, 314. Dr. Gatton noted Plaintiff's "hobbled and antalgic gait with a limp favoring the right side without the use of an assistive device," and that Plaintiff is "unable to walk heel to toe, walk on heels or toes, hop, or squat." *Id.* But Dr. Gatton also noted that Plaintiff had 5/5 strength in both upper and lower extremities. *Id.* at 313–14. He recommended that "[Plaintiff] should be able to walk for less than one hour out of an eight-hour day. [Plaintiff] is unable to lift or carry effectively at this time." *Id.*

The ALJ found Dr. Gatton's opinion unpersuasive because it was inconsistent with his examination and other evidence in the record. Dkt. 9-2 at 27. The ALJ explained that Plaintiff's "lift/carry limitations were not stated in specific terms and [were] not supported by the accompanying examination which indicated the [Plaintiff] had 5/5 strength in the upper and lower extremities and gross grip of 5/5 bilaterally." *Id.* The ALJ further noted that Dr. Gatton's opinion was inconsistent with treatment notes that reported "no acute distress, neurological indicating physiological, no localized findings, warm, well perfused extremities, with no edema, and no indication of any assistive device or abnormalities in gait." *Id.*; *see also* dkt. 9-7 at 331, 335, 338, 341. Finally, the ALJ found that Dr. Gatton's opinion diverged from prior administrative medical findings. Dkt. 9-2 at 27; *see* dkt. 9-3 at 3–8, 10–15 (finding Plaintiff could walk for six hours of an eight-hour workday and lift or carry 25 to 50 pounds in November of 2022); *id.* at 17–26 (finding Plaintiff could stand or walk for four hours of an eight-hour workday in March of 2024).

An ALJ's reasoning is insufficient only if it is patently wrong. *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). It is enough for the ALJ to build an accurate and logical bridge between the evidence and her conclusion. *Clifford,* 227 F.3d at 872. Here, the ALJ permissibly found Dr. Gatton's opinions unpersuasive "compared with the consultative examination and the overall record." Dkt. 9-2 at 27; *see Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014) ("[A]n ALJ is not required to credit the agency's examining physician in the face of a contrary opinion from a later reviewer or other compelling evidence."). When presented with conflicting evidence, "the ALJ may decide whom to believe, so long as substantial evidence supports that decision." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520c, 416.920c. The ALJ met that standard here by explaining that she gave Dr. Gatton's opinion little weight because it was in tension with Dr. Gatton's own findings and inconsistent with specified evidence in the record. Dkt. 9-2 at 27; *see also* 20 C.F.R. § 404.1527(c); *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992) (stating that a "good explanation" is not required to address every piece of evidence in the record).

Plaintiff also asserts that when the ALJ rejects the opinion of their own examining physician, "the Seventh Circuit applies additional scrutiny" to the ALJ's articulation. Dkt. 11 at 7. But, after 2017, the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). While Plaintiff relies on *Beardsley*, that decision predated the

amended regulation, so it does not support increased scrutiny. 758 F.3d 834. Instead, the ALJ must now consider medical opinions like Dr. Gatton's under the factors in 20 C.F.R. § 404.1520c, the most important of which are supportability and consistency. § 404.1520c(a), (c).

Plaintiff similarly asserts that examining physicians have "inherent value" that the ALJ did not consider. Dkt. 11 at 7–9 (contending that "[t]he Seventh Circuit has continually held a non-examining state agency physician's opinion which contradicts the opinion of an examining physician does not alone suffice as a means to dismiss the opinion of an expert who has actually treated a claimant"). But the cases he relies on, like *Beardsley*, were decided under the prior regulations. *See Oakes v. Astrue*, 258 F. App'x 38, 45 (7th Cir. 2007); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Here, as explained above, the ALJ sufficiently considered the current regulation's factors, *see* 20 C.F.R. § 404.1520c(c)(2), which consider a physician's relationship with the claimant but do not give examining physicians' opinions controlling weight, 20 C.F.R. § 404.1520c(c)(3)(v).

Finally, Plaintiff accuses the ALJ of substituting her own medical determination for Dr. Gatton's. Dkt. 15 at 2. The ALJ, however, noted inconsistencies between Dr. Gatton's opinion and evidence from the record and ultimately found Dr. Gatton's opinions unpersuasive. Dkt. 9-2 at 26–27; *compare Turner v. Astrue*, 390 F. App'x 581 (7th Cir. 2010) (finding the ALJ did not substitute his own judgment for that of a medical expert where the ALJ's finding was well supported by medical evidence); *with Blakes ex rel. Wolfe v.*

*Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) (finding the ALJ substituted their own medical determination despite no expert offering evidence to support the determination).

In sum, the ALJ rejected Dr. Gatton's opinion, citing: (1) Dr. Gatton's accompanying examination; (2) treating examinations that appear throughout the record; (3) treatment notes spanning from December 2023 through May 2024; and (4) prior administrative medical findings. Dkt. 9-2 at 27. The ALJ permissibly determined that this substantial evidence undermined the supportability and consistency of Dr. Gatton's opinion with the record, and overcame any value in Dr. Gatton's examining relationship with Plaintiff. *See Paul v. Berryhill*, 760 F. App'x 460 (7th Cir. 2019) ("An ALJ may discount the opinion of the agencies examining physician where contrary evidence exists."). Because the ALJ's findings were supported by substantial evidence, her decision is affirmed.

## IV. Conclusion

The Court **AFFIRMS** the ALJ's decision. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/30/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.